UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES MICHAEL BARR,

    Petitioner,

v.                                                       CASE NO.:  5:21-cv-370-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

## OPINION AND ORDER

Pending before the Court is Petitioner James Michael Barr's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed July 14, 2021.  (Doc. 1.) Petitioner, an inmate at FCC Coleman Low, raises four grounds for relief, all related to a disciplinary report and subsequent disciplinary hearing.  In its response, Respondent asks the Court to dismiss the Petition for failure to exhaust administrative remedies or, alternatively, deny the Petition because Petitioner received the due process required during his disciplinary proceedings.  (Doc. 5.) Petitioner filed a reply.  (Doc. 8.)  For the reasons explained, the Petition is denied in part and dismissed in part.

### I.    Background

Petitioner was issued a disciplinary incident report for possession of any narcotic, in violation of Bureau of Prisons ("BOP") code 113.  (Doc. 5-1 at 7–15.) See also 28 C.F.R. § 541.3.  On December 4, 2020, at approximately 7:00 p.m., an officer conducted a search of a locker belonging to Petitioner.  (Doc 5-1 at 7.)

Inside, the officer "discovered a homemade tissue box with a plastic bag of white powder hidden under the tissue." (Id.)  The officer identified the locker using personal papers containing Petitioner's name and register number. (Id.)  The officer "took the plastic bag of white powder to the Lieutenant's office to be tested." (Id.)  The officer tested the substance with narcotics identification kit ("NIK") tests, which identified the substance as amphetamines. (Id.)  Petitioner was provided a copy of the incident report on January 7, 2021, at 4:51 p.m.[1]  (Id.)  A BOP lieutenant subsequently investigated the charge and interviewed Petitioner as part of the investigation.  (Id. at 9.)  Petitioner "did not make a comment".  (Id.)  The investigator then referred the matter to the Unit Discipline Committee ("UDC") for further action.  (Id.)

The UDC conducted an informal hearing on January 8, 2021, where Petitioner again declined to make any comments.  (Id. at 8.)  Due to the severity of the charges, the UDC determined that the matter should be referred to the Discipline Hearing Officer ("DHO") for a formal hearing.  (Id.)  That same day, on January 8, 2021, Petitioner was provided with both a Notice of Discipline Hearing and a BOP form AO-293, titled, *Inmate Rights at Disciplinary Hearing*," which advised of his rights throughout the disciplinary process.  (Id. at 17, 19.)  The Notice of Discipline Hearing advised Petitioner of his rights throughout the disciplinary process, including, among other things, his opportunity to request a

---

[1] Delivery of the incident report was delayed due to it being suspended pending referral to the Federal Bureau of Investigation ("FBI").  (Doc. 5-1 at 9.)

2

staff representative to assist him with the hearing and to call witnesses to testify on his behalf. He declined both. (Id. at 19.)

At a hearing before the DHO on January 14, 2021, Petitioner denied the charge. (Id. at 21.) At the commencement of the hearing, the DHO again advised Petitioner of his due process rights and Petitioner conveyed that he neither wanted a staff representative to appear with him nor to call any witnesses on his behalf. (Id. at 22.) Specifically, the DHO Report states as follows:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights and had no documentary evidence to present. You did not request any witnesses or the services of a staff representative to assist you at the hearing. You indicated to the DHO you were ready to proceed with the hearing.

(Id.)

The DHO found the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of possession of any narcotic, in violation of Code 113. (Id. at 22–23.) As a result, the DHO sanctioned Petitioner with 90 days loss of telephone privileges and 27 days of lost good conduct time. (Id. at 23.) Petitioner was provided a copy of the DHO report on January 21, 2021. (Id.)

Petitioner asserts four grounds for relief. First, he claims that his placement in special housing pending the investigation and disciplinary proceedings was invalid because the records did not reflect a pending BOP or FBI investigation. (Doc. 1 at 6.) Second, he contends the DHO was not impartial because the DHO "quoted a contrived written officer statement, misquoted the Petitioner's statement,

3

[and the DHO's] statement shows he arrived at decision without evidence to base it on." (Id.) Third, he contends that there was a lack of evidence to support his adjudication of guilt, challenging the photo of the bag of powder and the chain of custody. (Id.) Lastly, he contends his due process rights were violated when he was sent to the Special Housing Unit without a hearing or disclosure of the reason he was removed from the general population. (Id. at 7.)

Respondent first contends that the Petition should be dismissed because Petitioner did not exhaust his administrative remedies. (Doc. 5 at 4.) Respondent further contends that Petitioner received all due process required during the disciplinary process and proceedings. (Id. at 7.) Respondent also asserts that Petitioner's claims regarding the conditions of his confinement—being placed in the Special Housing Unit—are not appropriately brought in a habeas proceeding. (Id. at 10–11.)

Petitioner's projected release date is October 12, 2024. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2024).

## II.   Analysis

### 1.   Exhaustion of Administrative Remedies

Respondent first asserts that the Petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense."

4

Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. The Court has determined that skipping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. See id.

### 2. Claims Regarding Placement in the Special Housing Unit

Among the grounds for relief he raises, Petitioner challenges his placement in the Special Housing Unit without a hearing or explanation. However, Petitioner was placed in the Special Housing Unit in Administrative Detention pending the outcome of his disciplinary action. (Doc. 1 at 23.) He was not sentenced to disciplinary segregation due to his disciplinary proceedings. (See Doc. 5-1 at 23.) The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). See also Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979) (noting that "the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose"). Thus, to the extent Petitioner challenges his placement in the Special Housing Unit, the Court finds that the claims are not cognizable in a section 2241 proceeding and must be dismissed.

### 3. Disciplinary Proceedings

Prison disciplinary proceedings are not part of a criminal prosecution. Thus, the full panoply of rights due to a defendant in a criminal proceeding does not

apply.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, inmates are entitled to some due process protections.  Id.  Those protections include: (1) written notice of the charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions.  Id. at 564–66.  But an inmate does not have a right to confront or cross-examine witnesses, or a right to counsel.  Id. at 567, 570.  Further, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the fact finder.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).  Here, Petitioner was provided written notice of the charge and the hearing on January 7, 2021, was provided a detailed enumeration of his various rights throughout the disciplinary proceedings on January 8, 2021, was given the opportunity to call witnesses and present evidence at the January 14, 2021 hearing, and was provided with a written finding of facts explaining the basis for the DHO's determination on January 21, 2021.  (Doc. 5-1 at 7–15, 17, 19, 21–23.)

Based on the preceding, the Court finds that Petitioner was afforded a fair hearing and received the appropriate due process protections.[2]  To the extent

---

[2] Insofar as Petitioner claims in his reply that he was not included in the UDC hearing and the BOP violated its program statement (Doc. 8 at 1), arguments raised for the first time in a reply brief will not be addressed.  Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir.2005) (citations omitted).

6

Petitioner disputes certain aspects of the hearing report, the record belies such claims and are without merit. Petitioner states that he informed the DHO that "he disputes the test results, that the bag contained cleanser, that the bag never left his sole possession, and that neither the bag nor the cleanser could have been contaminated by drugs." (Doc. 1 at 10.) Petitioner contends that the hearing report "failed to note [his] disputes." (Id.) However, section III.B of the report provides for a summary of the inmate's statement. (Doc. 5-1 at 21.) Here, the DHO wrote that Petitioner stated, "I am not guilty." (Id.) Such a summary is consistent with Petitioner's contention that he disputed the test results and maintained that the bag did not contain drugs, suggesting that he was not guilty of the prohibited act of possession of narcotics.

And to the extent Petitioner disputes that the DHO reviewed his due process rights at the hearing, even if true, this does not mean Petitioner was denied due process. Petitioner was informed of his rights prior to the hearing, specifically waiving his rights to a staff representative or to call witnesses. (Doc. 5-1 at 19.) Indeed, Petitioner signed a form waiving his right to a staff representative and to call witnesses. (Id.) Petitioner does not suggest that he intended to call witnesses or would have requested the assistance of a staff member.

In addition to Petitioner receiving due process as required by Wolff, the DHO report clearly contains sufficient evidence to support the decision. (Doc. 5-1 at 21–23.) Determining whether there is "some evidence" in the record to support a disciplinary charge does not "require examination of the entire record, independent

7

assessment of the credibility of witnesses, or weighing of the evidence," but merely assessment of whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board."  O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (quoting Hill, 472 U.S. at 454–56).

The DHO based the decision on the staff member's account of the incident as presented in the body of the incident report.  (Doc. 5-1 at 22–23.)  Even if Petitioner had called a witness or challenged the use of the NIK test, the DHO's decision is still supported by the evidence that an officer found narcotics in a secure locker containing personal papers of Petitioner.  As such, the Court finds that there is "some evidence" to support the DHO's conclusion.  See Barrie v. Warden, FCC Coleman, 840 F. App'x 508, 509 (11th Cir. 2021) (finding that district court was not required to assess the reliability of NIK tests because it did not need to reweigh the evidence).  Petitioner is not entitled to a retrial of the facts underlying his disciplinary sanctions, or to a de novo review of the DHO's factual findings.  "'The federal courts cannot assume the task of retrying all prison disciplinary disputes.'"  See Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).[3]

---

[3] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.  Schriro v. Landrigan, 550 U.S. 465 (2007).  Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at 474.

### III. Conclusion

Petitioner's claims regarding his placement in the special housing unit are dismissed. Petitioner received the process due to him in his disciplinary proceedings, and the decision of the DHO is supported by the requisite evidence.

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED in part and DISMISSED in part**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 24, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   All Parties of Record

9